IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RED BARN FARMS, LLC, )
SOUTHEAST AIR CHARTER, INC., )
PATRIOT PERFORMANCE )
MATERIALS, INC., )
WILLIAM J. HENDERSON, IV, )
WILLIAM C. POWELL )
)
    Plaintiffs, )
)
    v. ) 1:09CV747
)
GENERAL ELECTRIC CAPITAL )
CORPORATION )
)
    Defendant. )

**MEMORANDUM OPINION AND ORDER**

OSTEEN, JR., District Judge

    Presently before the court is Plaintiffs' Motion to Remand (Doc. 46). All parties have fully briefed the motion, and this court held a hearing on the motion on February 14, 2011. The motion is now ripe for decision. For the reasons set forth herein, this court concludes that Plaintiffs' Motion to Remand should be granted. As a result, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 6), Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 27), and Defendant's Motion to Declare Null and Void Orders of State Court, Including a Temporary Restraining Order and a Preliminary Injunction, Entered Subsequent to Removal to This Court, and to Prohibit Enforcement

1

Thereof (Doc. 34) should be denied without prejudice as moot.

I. **BACKGROUND**

The present controversy stems from this court's prior judgment in General Electric Capital Corp. v. Red Barn Farms, LLC, No. 1:07-CV-983 (M.D.N.C. Mar. 21, 2008)[1]. In that case, Red Barn Farms, LLC defaulted on a $5,000,000 loan, which was secured by two airplanes, specifically a King Air and a Beechjet. (Notice Removal Ex. A-Compl. (Doc. 1-2) ¶¶ 8-17.) Because the defendants (Plaintiffs in the instant action) failed to plead or otherwise defend in that case, this court entered a default judgment in favor of General Electric Capital Corp. ("GE") for $5,063,770.23 (as of March 3, 2008), plus attorneys' fees in the amount of $68,975.42, as well as court costs. Order, Gen. Electric Capital Corp. v. Red Barn Farms, LLC, No. 1:07-CV-983, at 1 (M.D.N.C. Mar. 21, 2008).[2] The court further ordered that the proceeds from any sale or other disposition of the two aircraft by GE would be credited to the default judgment. Id. at 1-2.[3]

On April 24, 2008, GE initiated supplementary proceedings in state court by filing Notice of Filing of Foreign Judgment in North Carolina Superior Court in the counties of Cumberland,

---

[1] (Notice Removal Ex. A-Compl. Exs. A-P (Doc. 1-3) 73-74.)

[2] (Notice Removal Ex. A-Compl. Exs. A-P (Doc. 1-3) 73.)

[3] (Notice Removal Ex. A-Compl. Exs. A-P (Doc. 1-3) 73-74.)

Harnett, and Lee. (Br./Mem. Supp. Pls.' Mot. Remand (Doc. 47) 1-2.) It is of particular significance to this case that, in doing so, GE eschewed execution pursuant to the authority of this court under Federal Rule of Civil Procedure 69(a). Instead, GE docketed its judgment in various counties in the State of North Carolina and proceeded to execute under state procedures. On or about November 20, 2008, GE caused the King Air aircraft to be sold. (Notice Removal Ex. A-Compl. (Doc. 1-2) ¶ 55.) On January 5, 2009, GE filed a Receipt and Partial Satisfaction of Judgment in this court, indicating receipt of $786,303.26. (Def.'s Mot. Dismiss Ex. A (Doc. 6-2) 1-2.)

On April 7, 2009, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief (Notice Removal Ex. A-Compl. (Doc. 1-2)) in North Carolina Superior Court, Cumberland County. Plaintiffs allege therein, inter alia, that GE did not dispose of the King Air aircraft in a commercially reasonable manner. (Id. ¶ 68.) Plaintiffs' complaint sets forth four causes of action, the last of which ("Fourth Cause of Action") is a prayer for a temporary restraining order ("TRO") and preliminary and permanent injunctions to prevent GE from collecting or disposing of Plaintiffs' property, including but not limited to the Beechjet aircraft. (Id. ¶ 123.)[4] Plaintiffs also seek to enjoin GE from

---

[4] Despite Plaintiffs' pleadings, the record before this court indicates that GE has already sold the Beechjet aircraft. (Mot. Declare Null & Void Ex. C (Doc. 34-4) 2.) Thus, all the property

3

obtaining court orders that would forbid Plaintiffs from transferring or disposing of their assets. (Id.)

On April 10, 2009, GE filed a Notice of Removal (Doc. 1) in the United States District Court for the Eastern District of North Carolina. GE asserts that the United States district courts have original jurisdiction of this action under 28 U.S.C. § 1332 and that removal is therefore permitted under 28 U.S.C. § 1441(b). (Id. ¶ 11.) On April 29, 2009, GE filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 6), which is still pending before this court, and a Motion to Transfer to the United States District Court for the Middle District of North Carolina (Doc. 7). On September 29, 2009, the Eastern District transferred the case to this court. Order, Red Barn Farms, LLC v. Gen. Electric Capital Corp., No. 5:09-CV-160, at 3 (E.D.N.C. Sept. 29, 2009) (Doc. 23).

Before filing the present Motion to Remand (Doc. 46), Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 27) in this court on October 9, 2009. Plaintiffs alleged therein that GE had caused process to be issued in state court to allow a county sheriff to levy and

---

that was the subject of this court's default judgment has been disposed of. Particularly given that this court did not issue any specific orders regarding the manner in which the aircraft were to be sold, the fact that GE has already disposed of both aircraft diminishes this court's inclination to play a role in further proceedings related to disposition of Plaintiffs' property.

4

sale, on or about October 20, 2009, certain real property in Spring Lake, Cumberland County, North Carolina. (Id. ¶ 33.) Plaintiffs asked this court to enjoin GE from executing against that particular real property and from collecting or disposing of Plaintiffs' other property, including but not limited to the Beechjet aircraft. (Id. at 6.)[5] On October 16, 2009, this court abstained from entering a TRO, believing that the North Carolina Superior Court, Cumberland County, had already entered a TRO in the matter. This court subsequently reconsidered that ruling and took Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction under advisement because it was unclear in which action the state-court TRO had been issued.

On November 11, 2009, GE filed a Motion to Declare Null and Void Orders of State Court, Including a Temporary Restraining Order and a Preliminary Injunction, Entered Subsequent to Removal to This Court, and to Prohibit Enforcement Thereof (Doc. 34). The TRO and preliminary injunction specifically referenced in GE's motion were entered by the North Carolina Superior Court, Harnett County, on October 15, 2009, (id. Ex. B (Doc. 34-3) 4), and November 5, 2009 (nunc pro tunc October 26, 2009), (id. Ex. C (Doc. 34-4) 6), respectively.

Plaintiffs filed their Motion to Remand (Doc. 46) on February 18, 2010.

---

[5] See supra note 4.

## II. ARGUMENTS OF THE PARTIES

Plaintiffs argue that this court does not have subject matter jurisdiction to grant the injunctive relief requested in their complaint and that this case should therefore be remanded to state court. Plaintiffs primarily rely on 28 U.S.C. § 2283, which provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (2006). According to Plaintiffs, that statute deprives this court of subject matter jurisdiction to rule on the Fourth Cause of Action, and remand is required by 28 U.S.C. § 1447(c), which provides as follows with respect to cases removed from state courts: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c) (2006).

Further, Plaintiffs argue that this court must remand the entirety of this case despite apparently having original jurisdiction of Plaintiffs' first three causes of action under 28 U.S.C. § 1332(a). In this respect, Plaintiffs cite 28 U.S.C. § 1441(c), which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and

6

>           the district court may determine all issues
>           therein, or, in its discretion, may remand
>           all matters in which State law predominates.

Id. § 1441(c) (2006). Because this court's jurisdiction in this case would have to be based on § 1332 (diversity of citizenship) rather than § 1331 (federal question), Plaintiffs argue that § 1441(c), by implication, precludes the court from exercising the options that § 1441(c) affords. Namely, Plaintiffs assert that this court may neither "determine all issues" in this case (due to lack of subject matter jurisdiction over the Fourth Cause of Action), nor retain Plaintiffs' first three causes of action after remanding the Fourth Cause of Action to state court.

In connection with their argument regarding 28 U.S.C. § 2283, Plaintiffs note that their complaint seeks to prevent GE from collecting on a state-court judgment. Although the judgment at issue was originally entered by this court, Plaintiffs are correct that the judgment, having been docketed in North Carolina state courts, now has the same force and effect as if those courts had entered the judgment themselves. N.C. Gen. Stat. § 1-237 (2009).[6] Because the present case arises out of an attempt

---

[6] "Judgments and decrees rendered in the district courts of the United States within this State may be docketed on the judgment dockets of the superior courts in the several counties of this State for the purpose of creating liens upon property in the county where docketed; and when a judgment or decree is registered, recorded, docketed and indexed in a county in like manner as is required of judgments and decrees of the courts of this State, it shall become a lien and shall have all the rights, force and effect of a judgment or decree of the superior court of

7

by GE to satisfy a judgment docketed in state court and bears upon GE's additional, state-court efforts to enforce that judgment,[7] Plaintiffs argue that this case "contain[s] claims related to supplemental[8] proceedings" and that "supplemental proceedings are not removeable to federal court." (Br./Mem. Supp. Pls.' Mot. Remand (Doc. 47) 2, 4 (citing Armistead v. C & M Transp., Inc., 49 F.3d 43 (1st Cir. 1995)).)

In response, GE argues that this court has subject matter jurisdiction of the whole case under § 1332(a) and that removal of the whole case was proper under § 1441(a) and (b). Assuming arguendo that § 2283 bars this court from granting the injunctive relief that Plaintiffs seek, GE argues that "Plaintiffs cite no case law or statutory authority to support" the proposition that

---

said county." Id.

[7] As noted above, in addition to remedies for the allegedly unreasonable sale of the King Air aircraft, Plaintiffs' complaint seeks to restrain GE from collecting or disposing of Plaintiffs' other property, and further seeks to enjoin GE from obtaining court orders that would forbid Plaintiffs from transferring or disposing of their assets. (Notice Removal Ex. A-Compl. (Doc. 1-2) ¶ 123.)

[8] For purposes of this order, there is no difference between "supplemental" and "supplementary" proceedings. The parties refer to "supplemental" proceedings, whereas this court will use the term "supplementary."
This court elects to use the term "supplementary" for the sake of clarity. The issue of this court's removal jurisdiction over supplementary proceedings is not to be confused with the concept of "supplemental jurisdiction" under 28 U.S.C. § 1367, which is not implicated here. GE contends that the instant case is within this court's original jurisdiction and has not attempted to invoke this court's supplemental jurisdiction.

the Fourth Cause of Action cannot be remanded in isolation. (Def.'s Resp. & Br. Opposing Pls.' Mot. Remand (Doc. 48) 4.) At any rate, GE asserts that § 2283 is not jurisdictional. (Id. (citing Sw. Airlines Co. v. Tex. Int'l Airlines, Inc., 546 F.2d 84, 89 (5th Cir. 1977)).) GE states that "at most, [§ 2283] prevents this Court from allowing Plaintiffs' claim for injunctive relief," and goes on to argue that this court's inherent authority to enforce its March 21, 2008 default judgment includes the power to enjoin GE's attempts to collect on that judgment. (Id. at 5.) In reply to Plaintiffs' contention that the present case is a nonremovable supplementary proceeding, GE asserts that this case is a separate, nonsupplementary action. GE appears to contend that the supplementary proceedings are limited to the actions GE has filed in state court in order to collect on the default judgment originally entered by this court.

### III. ANALYSIS

This court will begin its analysis by briefly addressing Plaintiffs' contention that 28 U.S.C. § 2283 deprives the court of subject matter jurisdiction over the Fourth Cause of Action. The Supreme Court has stated clearly that § 2283, subject to limited exceptions, "imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding." Mitchum v. Foster, 407 U.S. 225, 228-29 (1972) (citation omitted). However, the Court has also indicated that § 2283 does

not operate to deprive the federal courts of subject matter jurisdiction; rather, it is a limitation on federal courts' powers in equity. See Smith v. Apple, 264 U.S. 274, 278-79 (1924) (addressing a precursor to § 2283); see also Baines v. City of Danville, 337 F.2d 579, 593 (4th Cir. 1964) (en banc) (citations omitted) (addressing the current § 2283). When a party asks a federal court to enjoin state proceedings in a manner not permitted under § 2283, the proper procedural response is for the court to dismiss the request in equity to the extent the request seeks relief that the court cannot grant. See Apple, 264 U.S. at 277, 280. In other words, although it may require this court to dismiss in equity some portion of Plaintiffs' complaint, § 2283 has no effect on this court's subject matter jurisdiction over this case. Thus, Plaintiffs must instead rely on their argument that this case involves supplementary proceedings such that it should not have been removed to federal court.

Plaintiffs are correct that supplementary proceedings are not removable. If a proceeding is "so connected with the original suit as to form an incident to it, and substantially a continuation of it," it is a supplementary proceeding, and a "United States court could not properly entertain [removal] jurisdiction of the case." Barrow v. Hunton, 99 U.S. 80, 82-83 (1878); see also 28 U.S.C. § 1441(a) (2006) ("Except as otherwise

expressly provided by Act of Congress, any <u>civil action</u> brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ." (emphasis added)).[9] Supplementary proceedings involve "mere revision of errors and irregularities, or of the legality and correctness of the judgments and decrees of the State courts," whereas nonsupplementary proceedings involve "the investigation of a new case arising upon new facts, although having relation to the validity of an actual judgment or decree, or of the party's right to claim any benefit by reason thereof." <u>Barrow</u>, 99 U.S. at 83.

In light of these basic standards, the present case might appear to be nonsupplementary and thus removable. This case is not merely a challenge to the judgment that gave rise to the collection efforts of which Plaintiffs are complaining. Although related to GE's "right to claim any benefit by reason" of the default judgment against Plaintiffs, the case "aris[es] upon new facts," namely, GE's alleged failure to dispose of the King Air aircraft in a commercially reasonable manner.

In practice, though, the federal courts require a greater

---

[9] The restriction on removal of supplementary proceedings, which stems from § 1441's "civil action" requirement, "has been applied in numerous cases for over a century [and] is premised on the wastefulness of having a satellite element of a case pending in federal court when the principal claims are being litigated in state court." 14B Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 3721, at 34 (4th ed. 2009).

distinction between cases before deeming the later suit removable. For example, in <u>First National Bank v. Turnbull & Co.</u>, the plaintiff bank obtained a state-court judgment and then levied upon certain personal property of the debtor to satisfy that judgment. 83 U.S. 190, 193-94 (1872). However, Turnbull & Co., a third party, claimed the property as its own and sought to litigate its right to the property. <u>Id.</u> at 194. After receiving leave to intervene, Turnbull sought and obtained removal to federal court. <u>Id.</u> The Supreme Court reversed the decision allowing removal and ordered that the case be remanded to state court, reasoning as follows:

> Conceding it to be a suit, and not essentially a motion, we think it was merely auxiliary to the original action, a graft upon it, and not an independent and separate litigation. A judgment had been recovered in the original suit, final process was levied upon the property in question to satisfy it, the property was claimed by Turnbull & Co., and this proceeding, authorized by the laws of Virginia, was resorted to to settle the question whether the property ought to be so applied. <u>The contest could not have arisen but for the judgment and execution, and the satisfaction of the former would at once have extinguished the controversy between the parties.</u>

<u>Id.</u> at 195 (emphasis added). Similarly, in <u>Lawrence v. Morgan's Railroad & Steamship Co.</u>, a third party instituted a suit to claim ownership of real property that had been seized and advertised for sale in order to satisfy a previous judgment, and removal of that suit was held improper. 121 U.S. 634, 634-37 (1887). Much like <u>First National Bank</u> and <u>Lawrence</u>, the instant

case involves litigation over the appropriateness of a judgment creditor's attempt to collect on a judgment, and this case would not exist but for the underlying judgment.

In the more recent example of Ohio v. Doe, the Sixth Circuit remanded to state court a subpoena enforcement proceeding that sought to compel testimony from a former federal public defender. 433 F.3d 502, 508 (6th Cir. 2006). The court of appeals held that the removed case was supplementary to pending state-court contempt proceedings that arose from the public defender's noncompliance with an earlier, expired subpoena that had sought the same testimony. Id. at 506. In Doe, the subpoena enforcement proceeding that was improperly removed would not have come about but for the ongoing state-court efforts to enforce the original subpoena and subsequent contempt order against the public defender. See id. at 505 (indicating that the second subpoena was only issued because the original subpoena and the related contempt order had expired). Similarly, in the instant case, Plaintiffs would not have filed their Complaint for Declaratory and Injunctive Relief (Doc. 1-2) were it not for GE's ongoing efforts to satisfy a judgment that is docketed in state court. In sum, the case law regarding supplementary proceedings seems to dictate that this case should not have been removed.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter

jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." GE filed its Notice of Removal (Doc. 1) on April 10, 2009, and Plaintiffs did not file their Motion to Remand (Doc. 46) until February 18, 2010, long after the thirty-day deadline had passed. Thus, Plaintiffs rely on § 1447(c)'s provision that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This court must therefore determine whether the nonremovability of supplementary proceedings is jurisdictional.

Section 1441(a) and (b), upon which GE relied in removing this case, grant removal jurisdiction to the district courts only over certain "civil actions." Id. § 1441(a), (b) (2006). If a legal matter does not constitute a "civil action," that matter is nonremovable. See Doe, 433 F.3d at 506 (concluding that a matter was not removable because it did not constitute "a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court" (citations omitted)). If a party attempts to remove a legal matter that falls within a class of cases that Congress has deemed nonremovable, the district court does not have subject matter jurisdiction to hear the matter. See Barrow, 99 U.S. at 82-83 (stating that a "United States court could not properly entertain jurisdiction of" a supplementary proceeding); Doe, 433 F.3d at 506 (concluding that "the district court did not have

proper subject matter jurisdiction to hear" a matter that did not qualify as a "civil action" under 28 U.S.C. § 1442); Liberty Mut. Ins. Co. v. Horton, 275 F.2d 148, 153 (5th Cir. 1960) (stating that, by making cases involving state workers' compensation laws nonremovable, Congress withdrew such cases from federal jurisdiction).

To the extent the instant case is a supplementary proceeding and not an independent "civil action," it is within a class of cases that Congress has deemed nonremovable, see 28 U.S.C. § 1441(a), (b), and this court lacks subject matter jurisdiction to entertain the case. Because the state-court judgment at issue here was originally entered by this court, this case is not a paradigmatic example of supplementary state proceedings, and this court is reluctant to declare that it lacks subject matter jurisdiction to ensure proper enforcement of its own judgment. Nevertheless, this court finds that there are several factors which support a conclusion that this court does not have jurisdiction over the present claims. First, rather than proceeding in federal court under Federal Rule of Civil Procedure 69(a), GE chose to institute state-court supplementary proceedings to levy upon property owned by the debtors.[10] In

---

[10] At the February 14, 2011, hearing on the motion to remand, GE indicated to this court that it pursued enforcement in state court because, in order to obtain clear title to Plaintiffs' property, GE had to join additional parties to the supplementary proceedings such that federal diversity jurisdiction was no

15

other words, GE has not sought enforcement and execution in this court beyond the limited directives of the original judgment. Yet, GE now seeks to invoke this court's jurisdiction to litigate claims and defenses related to state-court supplementary proceedings that GE itself initiated.

Even setting aside the seeming inconsistency of GE's conduct, the fact that GE docketed this court's judgment in state court and is presently attempting to enforce it there means that removal of the instant case implicates one of the major reasons for the nonremovability of supplementary proceedings: preventing the federal courts from "becom[ing] invested with power to control the proceedings in the State courts." Barrow, 99 U.S. at 83. If this court were to exercise jurisdiction over this case, the court might very well be compelled to enjoin related state-court proceedings. Although 28 U.S.C. § 2283 contains exceptions that could potentially support such an injunction, those exceptions are narrow, and the general policy of § 2283 is for federal courts to avoid staying proceedings in state court. Ultimately, this court is guided by the precept that "[b]ecause removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If

---

longer available. However, the fact remains that GE could have sought some measure of enforcement in this court under Federal Rule of Civil Procedure 69(a). Instead, GE made the strategic decision to submit itself to the jurisdiction of the state courts.

federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted).

There are also prudential concerns that counsel in favor of remanding this case. Remand would eliminate the potential inefficiencies of "having a satellite element of a case pending in federal court when the principal claims are being litigated in state court." See 14B Charles Alan Wright et al., Federal Practice and Procedure § 3721, at 34 (4th ed. 2009). For instance, remand would prevent any confusion and inconsistency that might result from litigating enforcement issues in piecemeal fashion in both state and federal court. Further, because the state courts are not subject to § 2283's limitations on equitable powers, they have greater flexibility than this court to ensure consistency throughout GE's various enforcement proceedings.

In light of these practical issues and the principle that removal jurisdiction is to be strictly construed, this court will remand the instant case to state court pursuant to 28 U.S.C. § 1447(c)'s mandate that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Remand will render moot Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 6), Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 27),

and Defendant's Motion to Declare Null and Void Orders of State Court, Including a Temporary Restraining Order and a Preliminary Injunction, Entered Subsequent to Removal to This Court, and to Prohibit Enforcement Thereof (Doc. 34). The court will therefore dismiss those three motions without prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 46) is **GRANTED** and this case will be **REMANDED** to the General Court of Justice, Superior Court Division, Cumberland County, North Carolina.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 6), Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 27), and Defendant's Motion to Declare Null and Void Orders of State Court, Including a Temporary Restraining Order and a Preliminary Injunction, Entered Subsequent to Removal to This Court, and to Prohibit Enforcement Thereof (Doc. 34) is **DENIED WITHOUT PREJUDICE AS MOOT**.

A corresponding judgment is entered contemporaneously with this order.

This the 8th day of March 2011.

William L. Osteen, Jr.
United States District Judge